UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOEL MCCRAY, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV01360 AGF |
| LACLEDE GAS CO., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Joel McCray brings this action against his former employer, Defendant Laclede Gas Co., under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 for alleged race and age discrimination and retaliation. Now before the Court is Defendant's unopposed motion for summary judgment. For the reasons set forth below, Defendant's motion shall be granted.

## BACKGROUND

The record before the Court establishes the following. Plaintiff, an African-American male, worked for Defendant since 1984, first as a laborer, and then as a Service Technician in the Service and Installation Department, until he was discharged on April 20, 2009.

In 2003, Plaintiff and other employees of Defendant signed a letter alleging race discrimination in the Service and Installation Department where Plaintiff worked. Defendant conducted an investigation into the allegations and as a result of the letter and

investigation, the foremen in that department were provided with diversity training. All employees who signed the letter received a response informing them of the outcome.

In December 2006, Plaintiff was suspended for ten days for a safety violation for failing to respond to a customer's complaint of a gas odor. Plaintiff's union agreed to the suspension and did not file a grievance. Also within the three years prior to his termination, Plaintiff was disciplined for excessive response time on leak investigations (four verbal and one written), and was warned for inappropriate behavior with a supervisor.

On February 4, 2009, Plaintiff was dispatched to a residence to turn on gas service. He reported that he completed the task without complications. Three days later, the customer called and complained of a gas odor. Defendant investigated the matter and found that an accessible gas line had been left open, in contravention of procedures for a "turn on." Defendant suspended Plaintiff indefinitely, and when a review of his work history revealed the prior safety violation and disciplines, he was terminated. Plaintiff's union initially grieved the discharge but subsequently withdrew the grievance.

In Plaintiff's deposition (submitted by Defendant), he identified four other Service Technicians who were not discharged for conduct Plaintiff believed was comparable to his own. Defendant's unopposed evidence establishes that none of the Service Technicians identified by Plaintiff were similarly situated in terms of prior discipline for safety related matters or general disciplinary matters.

# DISCUSSION

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. In ruling on a motion for summary judgment, a court is required to view the evidence in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. *Fercello v. Cnty. of Ramsey,* 612 F.3d 1069, 1077 (8th Cir. 2010).

The initial burden of demonstrating the absence of a genuine issue of material fact rests on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). However, "mere allegations unsupported by evidence on the record are insufficient to establish the existence of a material issue of fact and will not withstand a summary judgment motion." *Depositors Ins. Co. v. Wal-Mart Stores, Inc.,* 506 F.3d 1092, 1095 n.3 (8th Cir. 2007) (citation omitted). Only the existence of a "genuine issue of material fact" will defeat a summary judgment motion. *Quinn v. St. Louis Cnty.*, 653 F.3d 745, 751 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). An issue of fact is genuine if it has a real basis in the record, and a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 751. Even if a

motion for summary judgment is unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

Plaintiff has submitted no evidence of direct discrimination. As such, his claims of race and age discrimination will be analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp.*, 411 U.S. 792, 802-03 (1973). Plaintiff's claim of race and age discrimination fail as a matter of law because he fails to establish a prima facie case for these claims. To do so, Plaintiff must show that (1) he is a member of a protected class; (2) he was meeting the legitimate expectations as to his duties; (3) he suffered an adverse employment action; and (4) circumstances give rise to an inference of discrimination because similarly situated employees, who were not members of the protected group, were treated differently. *Bone v. G4S Youth Servs.*, LLC, 686 F.3d 948, 953 (8th Cir. 2012).

Here, Plaintiff has failed to establish a prima facie case for disparate treatment because he offers no evidence of similarly-situated individual employees outside of his protected class who were accused of the same conduct and were disciplined in a different way. Further, Plaintiff failed to provide, and the record does not reveal, any evidence to support the allegations in his Amended Complaint that Defendant erroneously concluded that Plaintiff failed to verify a safe gas connection at the evidence on February 4, 2009. Nor has evidence been presented to support the allegation that Defendant's investigation of the matter "was flawed in that it failed to take into account the facts that Plaintiff followed all of Defendant's safety and connection protocols, that there was no odor of

4

gas at the residence when he established service or in the immediate period thereafter, and that there [sic] area of the connection has been 'cleaned up' or altered after Plaintiff established the connection and left the residence." He also failed to provide, and the deposition does not reveal, any support for Plaintiff's allegation that Defendant failed to discharge or severely discipline similarly-situated Caucasian and/or younger employees who committed similar or substantially equivalent offenses, or that Defendant terminated him in retaliation for having signed the petition in 2003. Defendant is therefor entitled to summary judgment on Plaintiff's discrimination claims. *See, e.g., Rivers v. Shinseki*, No. 4:10CV2187 RWS (E.D. Mo. Apr. 25, 2012) (granting unopposed motion for summary judgment).

Even were the Court to conclude that Plaintiff met his burden of establishing a prima facie case, Defendant would still be entitled to summary judgment. To rebut the presumption created when the plaintiff meets the requirements of the prima facie case, a defendant in an employment discrimination case must articulate a legitimate, nondiscriminatory reason for the plaintiff's discharge. *Bone*, 686 F.3d at 954. Here, Defendant has articulated a legitimate nondiscriminatory reason for its decision to terminate Plaintiff's employment, namely Plaintiff's safety violation on February 4, 2009, and his prior work record.

Plaintiff's retaliation claim fails for similar reasons. To establish a prima facie case of retaliation, Plaintiff must show that (1) he engaged in statutorily protected activity; (2) an adverse employment action was taken against him; and (3) a causal connection exists between the two events. *See Davis v. Jefferson Hosp. Ass'n*, 685 F.3d

675, 684 (8th Cir. 2012). Here the record is devoid of any evidence of a causal connection between Plaintiff signing the 2003 petition and his discharge in 2009. *See id.* (affirming grant of summary judgment on retaliation claim where the only evidence to support the claim was the plaintiff's allegation in his verified complaint).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **GRANTED**. (Doc. No. 36.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2012